UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEREE ASHLEY, <br><br> Plaintiff, <br><br> v. <br><br> NANCY BERRYHILL, <br><br> Defendant. | No. 17 CV 6617 <br><br> Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sheree Ashley appeals the Social Security Administration's decision to deny her application for disability benefits. An ALJ heard Ashley's case and denied her application for benefits because the ALJ concluded that Ashley is not disabled. Ashley petitioned the Appeals Council for review of the denial, but the Council denied her request, resulting in her appeal to this court. The Commissioner moves for summary judgment. For the reasons explained below, the motion is denied, and the ALJ's decision is reversed and remanded.

**I.     Legal Standards**

Because the Appeals Council denied Ashley's request for review, the ALJ's ruling is the Commissioner's final decision for review. *See McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018). I can affirm, modify, or reverse the Commissioner's decision, with or without remanding it back to the Commissioner. 42 U.S.C. § 405(g). My role is not to decide whether Ashley is disabled by considering the facts for myself, but rather to decide whether the ALJ followed the law when making her decision. *See Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The ALJ's ruling stands

unless the decision is not supported by substantial evidence or is the result of a legal error. *Id*. The evidence is substantial if a reasonable person could find the evidence to be enough to support the conclusion, even if other reasonable people could disagree. *Id*.

## II. Background

In March 2013, Ashley applied for Social Security disability insurance benefits and supplemental security income, claiming that she had been disabled since the beginning of that year due to diabetes and blindness in one eye. A.R. 144–146.[1] Ashley's application was denied, reconsidered, and denied again before she filed a written request for a hearing. A.R. 18. The ALJ held an initial hearing on January 7, 2016, and a supplemental hearing on July 6, 2016. A.R. 18. Ashley represented herself and testified at both hearings. A.R. 18. Ashley testified at the first hearing that her inability to stand for long periods of time prevents her from working. A.R. 77. Specifically, Ashley said she could not stand for more than 15 minutes at a time because it caused pain in her "feet and bones and legs" and made her "back go out" and that she needed to sit for about 15 or 20 minutes before she could stand again. A.R. 77–79. Ashley left her last job as a desktop publisher (which involves formatting documents on the computer) in 2014 because she could not sit for longer than 15 or 20 minutes–it caused her arthritis to flare and her bones to ache. A.R. 70, 77–79.

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header at the top of filings. Facts are taken from the administrative record, [19].

2

Ashley also testified that she had sleep issues that made her drowsy at work, so much so that she would fall asleep on the job and have to be awoken by her boss. A.R. 93.

The ALJ found that Ashley is not disabled. A.R. 28. Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). The ALJ came to her conclusion by following the five-step evaluation process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At Step 1, the ALJ found that Ashley had done substantial gainful activity in 2014 when she worked as a desktop publisher, but not since then. A.R. 20–21. At Steps 2 and 3, the ALJ determined that Ashley had severe impairments of diabetes mellitus, neuropathy, asthma, chronic obstructive pulmonary disease, degenerative disk disease of the lumbar spine, and retinal detachment, but that the impairments did not meet the requirements to establish a presumptive disability. A.R. 21–23. And at Step 4, the ALJ found that Ashley has the residual functional capacity (meaning, what she can still do despite her limitations) to do restricted sedentary work, with restrictions including that Ashley can stand or walk for 2 hours of an 8-hour workday (and sit the other 6) and that Ashley must be allowed a sit/stand option under which she can stand for 5 minutes after each hour that she sits without being off task. A.R. 23. Relying on vocational expert testimony, the ALJ concluded that Ashley's RFC is compatible with her prior work as a desktop

publisher, so Ashley is not disabled. A.R. 27. The ALJ had no need to continue to Step 5, having made her determination at Step 4.

## III. Analysis

Ashley represents herself on appeal, and her brief is mostly a short overview of her medical and work history, accompanied by certain medical records. Because I can only review the ALJ's decision, I am restricted to considering the closed record of evidence that the ALJ had in front of her when she made her decision. *See Papendick v. Sullivan*, 969 F.2d 298, 302 (7th Cir. 1992), *overruled on other grounds, Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999). I can remand a case for the Commissioner to consider new evidence only if Ashley shows that the new evidence is material and that there is good cause for her not having put it into the record earlier. 42 U.S.C. § 405(g). Ashley has not made a showing of either here (or asked for a remand to consider new evidence), so the documents that she has submitted outside of the administrative record are not considered.

As the government argues, Ashley does not explicitly point to any mistakes that she thinks the ALJ made. But Ashley does argue that—contrary to the ALJ's residual functional capacity finding—she cannot hold even a sedentary job because (1) she cannot stand for long periods of time, (2) she has extreme fatigue that requires unscheduled breaks, and (3) the frequency of her doctors' appointments require her to miss work too often. [21] at 6. Even though Ashley lists this argument under Step 5, I understand it to challenge the ALJ's findings at Step 4 because it addresses limitations that conflict with Ashley's determined RFC. The government is right that even though she is without a lawyer, Ashley must support her arguments with

4

citations to legal authority or evidence in the record, *see Cadenhead v. Astrue*, 410 Fed.App'x 982, 984 (7th Cir. 2011), and she fails to do so. But pro se submissions are construed liberally, and I will "address any cogent argument [I am] able to discern." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). Besides, the Commissioner is not prejudiced because the Commissioner addressed the merits in her response. [27] at 11–12.

### A. Subjective Symptoms

Ashley's allegations of fatigue and pain (from standing) are subjective symptoms. SSR 16-3p[2] requires the ALJ to evaluate subjective symptoms by first determining whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms and then evaluating the "intensity and persistence" of the symptoms to determine if and how they limit the claimant's ability to work. 2016 WL 1119029, at *2.[3] When determining the intensity and persistence of the symptoms, the ALJ considers the entire case record, including the claimant's own statements and objective medical evidence. *Id.* at *4. But just because there is no objective medical evidence to substantiate a claimant's statements about her symptoms does not mean that they are not true, since

---

[2] "[T]hough SSR 16-3p post-dates the ALJ hearing in this case, the application of a new social security regulation to matters on appeal is appropriate where the new regulation is a clarification of, rather than a change to, existing law." *Iserman v. Berryhill*, No. 16 C 8096, 2017 WL 5001420, at *5 (N.D. Ill. Nov. 2, 2017) (citing *Pope v. Shalala*, 998 F.2d 473, 482–83 (7th Cir. 1993), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999)).

[3] SSR 16-3p is also available at https://www.ssa.gov/OP_Home/rulings/di/01/SSR2016-03-di-01.html.

5

"[s]ymptoms cannot always be measured objectively through clinical or laboratory diagnostic techniques." *Id*. Rather, a lack of objective medical evidence is just one factor among many to consider. *Id*. at *5.

Here, the ALJ acknowledged that Ashley said she had "back/feet/hand pain" and fatigue. A.R. 24. The acknowledgment is followed by familiar language: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." A.R. 24. Variants of this template continue to stubbornly persist despite the Seventh Circuit's repeated criticism. *See Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (collecting cites). "[T]he ALJ's use of boilerplate language is reversible error if she did not give sufficient reasons, grounded in evidence in the record, to support her ultimate determination." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014). In other words, the language is meaningless. *Bjornson*, 671 F.3d at 645.

The template language is followed by a lengthy factual overview of Ashley's relevant medical history and brief summaries of her hearing testimony. The summary of the initial hearing mentions that Ashley said she "cannot sit for a long time because of back pain and aching bones," A.R. 26, but does not mention Ashley's statements about pain when standing for too long or her issues falling asleep at work,

6

so I cannot be sure the ALJ considered those statements. *See Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003). "[A]lthough the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (citation omitted). Ashley's statement that she cannot stand for longer than 15 or 20 minutes is contrary to the ALJ's conclusion that she can stand or walk for 2 hours each day, and Ashley's statement that she has difficulty staying awake at work is contrary to the conclusion that she can work full 8-hour days. The ALJ was obligated to address these allegations more fully, even if she ultimately concluded that they were contradicted by other evidence.

The ALJ did write: "The claimant's allegations were considered and found neither consistent nor well supported by the objective medical findings, the claimant's statements about her activities, her minimal medication regimen, her doctor's observations and the opinions of the DDS consultants." A.R. 27. This conclusory analysis provides little insight into the reasoning underlying the ALJ's dismissal of Ashley's subjective symptoms. What allegations were considered? Which objective medical findings are inconsistent with the allegations and how? Which of Ashley's symptoms does her "minimal" medication regimen cut against and why? (Ashley seems to take a fair number of medications. A.R. 1196–97.) The ALJ must build an "accurate and logical bridge from the evidence to [her] conclusion" and "explain her decision in such a way that allows [the court] to determine whether she reached her decision in a rational manner, logically based on her specific findings and the

7

evidence in the record." *McKinzey v. Astrue*, 641 F.3d 884, 889–90 (7th Cir. 2011) (citation omitted). *See also Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013) ("[A]n ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record."). Because the ALJ has not given me enough insight into her reasoning, the bridge between the evidence and the conclusion is missing.

Maybe the ALJ's conclusions are legally sound and supported by substantial evidence, or maybe they are not. On remand, the ALJ must more thoroughly explain her reasoning to allow for a meaningful review.

## B. Other Arguments

As for Ashley's argument that her doctors' appointments are too frequent for her to maintain a job, she did not raise the argument at either hearing. But since Ashley was not represented by an attorney, she did not forfeit the issue. *See Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007) ("While a claimant represented by counsel is presumed to have made his best case before the ALJ, no such presumption attaches to an unrepresented claimant."). It may not ultimately make a difference to the ALJ's RFC finding, but the ALJ should address the argument on remand.

Ashley also takes issue with the Disability Determination Services doctors who reviewed her medical files and issued opinions about her RFC in 2013 and 2014 because they never examined her, but the ALJ can consider nonexamining doctors' opinions. *See* 20 C.F.R. § 404.1527(c) ("[B]ecause nonexamining sources have no examining or treating relationship with you, the weight we will give their medical opinions will depend on the degree to which they provide supporting explanations for their medical opinions."). Here, the ALJ attributed "some" weight to the DDS doctors'

8

opinions, despite noting that "[m]ost of the evidence was submitted at the hearing level" (years after the DDS doctors issued their opinions). A.R. 27. On remand, the ALJ may want to explain how the weight she gives the opinions affects the outcome.

Finally, Ashley states that "the ALJ laughed at [her] and told [her] to just get a cane and [she] would no longer be disabled," [21] at 4, which the Commissioner understands to be an allegation of bias. The alleged remarks are not in either hearing transcript and Ashley has not offered any other evidence of the statement. Even if the ALJ did make the inappropriate remarks, Ashley has not met the high bar of showing that—based on the record as a whole—the ALJ "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Spicher v. Berryhill*, 898 F.3d 754, 756 (7th Cir. 2018) (citation omitted). *See Keith v. Barnhart*, 473 F.3d 782, 788 (7th Cir. 2007). Ashley's allegation does not justify remand, but she can consult SSR 13-1P[4] for her options to report it, as the Commissioner points out.

## IV. Conclusion

The Commissioner's motion for summary judgment [26] is denied. The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this opinion. Enter judgment and terminate case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: March 11, 2019

---

[4] Available at https://www.ssa.gov/OP_Home/rulings/oasi/33/SSR2013-01-oasi-33.html.